UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> BRIAN KEVIN RUBENAKER, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.   05-213 M <br><br> DETENTION ORDER |

Offense charged:

    Count I: Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of Title 18, U.S.C., Sections 2252(a)(4)(B) and 2252(b)(2).

Date of Detention Hearing: May 11, 2005.

    The Court, having conducted a contested detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by David Jennings. The defendant was represented by Anthony Savage.

DETENTION ORDER
PAGE -1-

1    The Government argued for detention based on the assessment of the defendant's danger
2 to the community. The Government raised a rhetorical question as to whether a sexual obsession
3 indicates a danger to the community, however it concluded that no ambiguity is present in this
4 matter. The Government noted that the defendant has been convicted of similar offenses in the past,
5 and that it is significant that once released from community custody for his prior state conviction,
6 he re-offends. To illustrate the defendant's sexual fixation, the Government points to the contents
7 of e-mails found in the Complaint in which the defendant admitted of sexual abuse of his own
8 children. The Government also believes that, as referenced in the Complaint, the defendant made
9 attempts to arrange meetings with children - including repeatedly asking to meet young boys,
10 referencing his residence and other precise locations. The Government contends that the computer
11 seized in the instant offense shows vivid pictures of minor victims as further supporting the element
12 of danger to the community. Finally, the Government added that a risk of flight is present because
13 the defendant faces a 10 year mandatory minimum and has tenuous ties to this district.

14    The defense moved for release, stating that the defendant was indeed convicted of two
15 serious offenses, served his time, and that the visits with his children have always been supervised.
16 Defense asserts that the defendant is not a flight risk. Urging this point, the defendant was aware
17 of an investigation following the search of his home and did not subsequently flee during the ensuing
18 12 days. The defendant would stay with his mother upon release.

19    Concerning the contents of e-mails detailed in the Complaint, the defense described it as
20 filthy talk on the internet, however not criminal in nature. The defense emphasized that there is no
21 evidence that the defendant has ever violated an adult-child relationship, nor any violations while
22 on state supervision, nor betrayed trust.

23

24    <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>
25    (1)    The statute charging this case is referenced under the Bail Reform Act as
26           involving minor victim(s). There is therefore a rebuttable presumption against

DETENTION ORDER
PAGE -2-

        the defendant's release based upon both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(2) Under Title 18 § 3142 (g), the court considered the following factors pertaining to the risk of danger to the community: The Complaint outlines e-mail messages which appear to be more than filthy talk, as the defense alluded, but rather appear to be 'grooming' behaviors to make children more susceptible to sexual abuse by trusted adults. The statements contained in these e-mail messages also suggest arrangements be made for meetings with minors for the purpose of exploitation and sexual abuse. The defendant is not currently employed and when coupled with the Defendant's criminal history of a child molestation conviction, no reasonable assurances have been offered to remove the risk of danger to the community which the defendant poses.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

DETENTION ORDER
PAGE -3-

defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 13th day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-